United States Courts
Southern District of Texas
**FILED**

MAY 3 1 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Criminal No.: H-4:17-cr-00345-S |
| | § | |
| OSMAN ARGUETA-RODAS, a/k/a "CANELO"; | § | **UNDER SEAL** |
| | § | |
| JONER HUMBERTO VENTURA-CASTILLO, a/k/a "CALICHE"; | § | |
| | § | |
| | § | |
| ███████████████████████ | § | |
| ███████████████████████ | § | |
| ███████████████████████ | § | |
| CARLOS LUIS BARDALES-RODRIGUEZ, a/k/a MARICIO PADILLA, a/k/a MARIO TURCIOS, a/k/a "PELUCHE"; | § | |
| | § | |
| | § | |
| SANTOS MATUTE-ROSALES, a/k/a SANTO EL EULALIO MATUTE-ROSALES, a/k/a "LALO"; | § | |
| | § | |
| DARWIN ALVARADO-ESPINOZA; | § | |
| | § | |
| ███████████████████████ | § | |
| | § | |
| JOSE SALOMON MADRID-PAZ, a/k/a JORGE MENDAREZ-PAZ, a/k/a MARIO MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a "VIEJO"; | § | |
| | § | |
| NORMAN RODOLFO CASTELLANO-MERCADO, a/k/a "SULTAN"; | § | |
| | § | |
| MIGDONIO ALTAMIRANO; and | § | |
| | § | |
| ███████████████████████ | § | |
| | § | |
| Defendants. | § | |

**SUPERSEDING INDICTMENT**

1

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

<u>Title 18, United States Code, § 1951(a) –
Conspiracy to Interfere with Commerce by Robbery</u>

<u>INTRODUCTION</u>

At all times material to this Indictment, Jungle Wild Game Room, 9810 Chalford Drive, Sugarland, Texas, was engaged in the business of gaming and selling of retail and commercial items. Jungle Wild Game Room's business operations affected interstate commerce.

At all times material to this Indictment, Bellaire Café, 9820 Gulf Freeway, Houston, Texas, was engaged in the business of gaming and selling of retail and commercial items. Bellaire Café's business operations affected interstate commerce.

At all times material to this Indictment, King and Queen Game Room, 7718 Bellfort Street, Houston, Texas, was engaged in the business of gaming and selling of retail and commercial items.  King and Queen Game Room's business operations affected interstate commerce.

At all times material to this Indictment, Gameroom, 7909 Hillcroft Avenue, Houston, Texas, was engaged in the business of gaming and selling of retail and commercial items. Gameroom's business operations affected interstate commerce.

At all times material to this Indictment, Lucky Game Room, 6489 Wilcrest, Houston Texas, was engaged in the business of gaming and selling of retail and commercial items.  Luck Game Room's business operations affected interstate commerce.

Beginning on or about April 17, 2016, and continuing until on or about November 1, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a
"CALICHE";



CARLOS LUIS BARDALES-RODRIGUEZ, a/k/a
MARICIO PADILLA, a/k/a MARIO TURCIOS, a/k/a
"PELUCHE";

SANTOS MATUTE-ROSALES, a/k/a SANTO EL
EULALIO MATUTE-ROSALES, a/k/a "LALO";

DARWIN ALVARADO-ESPINOZA;



JOSE SALOMON MADRID-PAZ, a/k/a JORGE MENDAREZ-PAZ, a/k/a
MARIO MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a
MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a
"VIEJO";

NORMAN RODOLFO CASTELLANO-MERCADO,
a/k/a "SULTAN";

MIGDONIO ALTAMIRANO; and

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of a robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§

3

1951(b)(1) and (b)(3), in that the defendants did unlawfully combine, conspire, confederate, and agree with each other, to unlawfully take and obtain property, namely, United States currency, by means of actual and threatened force, violence and fear of injury to those in lawful possession of those items, in violation of Title 18, United States Code, § 1951(a).

## MANNER AND MEANS

The unlawful conspiracy was accomplished in the following manner and means:

1.      It was part of the conspiracy that one or more co-conspirators would conduct surveillance of the premises in preparation to commit the robberies and attempted robbery indicted below.

2.      It was further part of the conspiracy that one or more co-conspirators would act or made arrangements to act as a lookout during the commission of the robbery.

3.      It was further part of the conspiracy that, in the robberies indicted below, one or more co-conspirators would enter the game room, display a firearm, physically restrain security guards and employees inside the game room, and take by threat of force United States currency, and in the attempted robbery indicted below, one or more co-conspirators made arrangements to enter the game room, display a firearm, physically retrain security guards and employees inside the game room, and take by threat of force United States currency.

4.      It was further part of the conspiracy that co-conspirators would divide or made arrangements to divide the proceeds from the robberies.

## OVERT ACTS

In furtherance of this conspiracy, and in order to effect and accomplish its objectives, one or more of the defendants committed in the Southern District of Texas the overt acts alleged in

Counts Two through Nine and Counts Thirteen and Fourteen of this Indictment which are re-alleged and incorporated herein by reference.

## COUNT TWO

### Title 18, United States Code, §§ 1951(a) and 2 – Aiding and Abetting Interference with Commerce by Robbery

On or about April 17, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";



defendants herein, aiding and abetting each other as well as others known and unknown to the Grand Jury, did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3), in that the defendants did unlawfully take and obtain the property of Jungle Wild Game Room, which was in the possession and custody of an employee of Jungle Wild Game Room, namely, United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

5

## COUNT THREE

<u>Title 18, United States Code, §§ 924(c)(1)(A) and 2 -- Aiding and Abetting Using and Carrying a
Firearm During and in Relation to a Crime of Violence</u>

On or about April 17, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";



defendants herein, aiding and abetting each other as well as others known and unknown to the

Grand Jury, did knowingly carry, and brandish a firearm, namely, a handgun, during and in

relation to a crime of violence for which they may be prosecuted in a court of the United States,

that being Aiding and Abetting Interference with Commerce by Robbery.

In violation of Title 18, United States Code, §§ 924(c)(1)(A)(ii) and 2.

## COUNT FOUR

<u>Title 18, United States Code, §§ 1951(a) and 2 – Aiding and Abetting Interference with
Commerce by Robbery</u>

On or about June 3, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a
"CALICHE";



████████████████████

CARLOS LUIS BARDALES-RODRIGUEZ, a/k/a
MARICIO PADILLA, a/k/a MARIO TURCIOS, a/k/a
"PELUCHE"; and

JOSE SALOMON MADRID-PAZ, a/k/a JORGE MENDAREZ-PAZ, a/k/a MARIO
MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a
MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a "VIEJO";

defendants herein, aiding and abetting each other as well as others known and unknown to the

Grand Jury, did knowingly and intentionally obstruct, delay, and affect interstate commerce and

the movement of articles and commodities in commerce by means of robbery, as the terms

"commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3),

in that the defendants did unlawfully take and obtain the property of Bellaire Café, which was in

the possession and custody of an employee of Bellaire Cafe, namely, United States currency, by

means of actual and threatened force, violence, and fear of injury to those in lawful possession of

those items.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNT FIVE

<u>Title 18, United States Code, §§ 924(c)(1)(A) and 2 -- Aiding and Abetting Using and Carrying a
Firearm During and in Relation to a Crime of Violence</u>

On or about June 3, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a
"CALICHE";



7

CARLOS LUIS BARDALES-RODRIGUEZ, a/k/a
MARICIO PADILLA, a/k/a MARIO TURCIOS, a/k/a
"PELUCHE"; and

JOSE SALOMON MADRID-PAZ, a/k/a JORGE MENDAREZ-PAZ, a/k/a MARIO
MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a
MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a "VIEJO";

defendants herein, aiding and abetting each other as well as others known and unknown to the

Grand Jury, did knowingly carry, and brandish a firearm, namely, a handgun, during and in

relation to a crime of violence for which they may be prosecuted in a court of the United States,

that being Aiding and Abetting Interference with Commerce by Robbery.

In violation of Title 18, United States Code, §§ 924(c)(1)(A)(ii) and 2.


## COUNT SIX

### Title 18, United States Code, §§ 1951(a) and 2 – Aiding and Abetting Interference with Commerce by Robbery

On or about June 29, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a
"CALICHE";



CARLOS LUIS BARDALES-RODRIGUEZ, a/k/a
MARICIO PADILLA, a/k/a MARIO TURCIOS, a/k/a
"PELUCHE"; and

SANTOS MATUTE-ROSALES, a/k/a SANTO EL
EULALIO MATUTE-ROSALES, a/k/a "LALO";

defendants herein, aiding and abetting each other as well as others known and unknown to the

Grand Jury, did knowingly and intentionally obstruct, delay, and affect interstate commerce and

the movement of articles and commodities in commerce by means of robbery, as the terms

"commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3),

in that the defendants did unlawfully take and obtain the property of King and Queen Game

Room, which was in the possession and custody of an employee of King and Queen Game

Room, namely, United States currency, by means of actual and threatened force, violence, and

fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, §§ 1951(a) and 2.


## COUNT SEVEN

### Title 18, United States Code, §§ 924(c)(1)(A) and 2 -- Aiding and Abetting Using and Carrying a Firearm During and in Relation to a Crime of Violence

On or about June 29, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a "CALICHE";



CARLOS LUIS BARDALES-RODRIGUEZ, a/k/a MARICIO PADILLA, a/k/a MARIO TURCIOS, a/k/a "PELUCHE"; and

SANTOS MATUTE-ROSALES, a/k/a SANTO EL EULALIO MATUTE-ROSALES, a/k/a "LALO";

defendants herein, aiding and abetting each other as well as others known and unknown to the Grand Jury, did knowingly carry, and brandish a firearm, namely, a handgun, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that being Aiding and Abetting Interference with Commerce by Robbery.

In violation of Title 18, United States Code, §§ 924(c)(1)(A)(ii) and 2.

## COUNT EIGHT

### Title 18, United States Code, §§ 1951(a) and 2 – Aiding and Abetting Interference with Commerce by Robbery

On or about September 19, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a "CALICHE";

SANTOS MATUTE-ROSALES, a/k/a SANTO EL EULALIO MATUTE-ROSALES, a/k/a "LALO"; and

DARWIN ALVARADO-ESPINOZA;

defendants herein, aiding and abetting each other as well as others known and unknown to the Grand Jury, did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3), in that the defendants did unlawfully take and obtain the property of Gameroom, which was in the possession and custody of an employee of Gameroom, namely, United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNT NINE

Title 18, United States Code, §§ 924(c)(1)(A) and 2 -- Aiding and Abetting Using and Carrying a
Firearm During and in Relation to a Crime of Violence

On or about September 19, 2016, in the Houston Division of the Southern District of

Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

JONER HUMBERTO VENTURA-CASTILLO, a/k/a
"CALICHE";

SANTOS MATUTE-ROSALES, a/k/a SANTO EL
EULALIO MATUTE-ROSALES, a/k/a "LALO"; and

DARWIN ALVARADO-ESPINOZA;

defendants herein, aiding and abetting each other as well as others known and unknown to the

Grand Jury, did knowingly carry, and brandish a firearm, namely, a handgun, during and in

relation to a crime of violence for which they may be prosecuted in a court of the United States,

that being Aiding and Abetting Interference with Commerce by Robbery.

In violation of Title 18, United States Code, §§ 924(c)(1)(A)(ii) and 2.

## COUNT TEN

Title 18, United States Code, § 922(g)(5)(A) – Illegal Alien in Possession of a Firearm

On or about October 19, 2016, in the Houston Division of the Southern District of Texas,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

a defendant herein, being an alien illegally and unlawfully in the United States, did knowingly

possess, in and affecting foreign and interstate commerce:

11

One (1) loaded Baretta PX Storm 9 mm pistol;

Fourteen (14) rounds of 9 mm ammunition;

One (1) loaded Taurus 9 mm pistol; and

Sixteen (16) rounds of 9 mm ammunition.

In violation of 18 United States Code, Section 922(g)(5)(A).

## COUNT ELEVEN

Title 18, United States Code, § 922(g)(5)(A) – Illegal Alien in Possession of a Firearm

On or about October 19, 2016, in the Houston Division of the Southern District of Texas,

SANTOS MATUTE-ROSALES, a/k/a SANTO EL
EULALIO MATUTE-ROSALES, a/k/a "LALO";

a defendant herein, being an alien illegally and unlawfully in the United States, did knowingly

possess, in and affecting foreign and interstate commerce:

One (1) loaded Browning 9 mm pistol; and

Ten (10) rounds of 9 mm ammunition.

In violation of 18 United States Code, Section 922(g)(5)(A).

## COUNT TWELVE

Title 18, United States Code, § 922(g)(5)(A) – Illegal Alien in Possession of a Firearm

On or about October 19, 2016, in the Houston Division of the Southern District of Texas,

DARWIN ALVARADO-ESPINOZA;

a defendant herein, being an alien illegally and unlawfully in the United States, did knowingly

possess, in and affecting foreign and interstate commerce:

One (1) loaded Ruger 40 caliber pistol; and

Ten (10) rounds of 40 caliber ammunition.

In violation of 18 United States Code, Section 922(g)(5)(A).

## COUNT THIRTEEN

### Title 18, United States Code, §§ 1951(a) and 2 – Aiding and Abetting Interference with Commerce by Robbery

From on or about October 25, 2016 to on or about November 1, 2016, in the Houston Division of the Southern District of Texas,

JOSE SALOMON MADRID-PAZ, a/k/a JORGE MENDAREZ-PAZ, a/k/a  MARIO
MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a
MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a
"VIEJO";

NORMAN RODOLFO CASTELLANO-MERCADO,
a/k/a "SULTAN";

MIGDONIO ALTAMIRANO; and

████████████████████████████

defendants herein, aiding and abetting each other as well as others known and unknown to the Grand Jury, did knowingly and intentionally attempt to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3), in that the defendants did attempt to unlawfully take and obtain the property of Lucky Game Room, which was in the possession and custody of an employee of Lucky Game Room, namely, United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNT FOURTEEN

<u>Title 18, United States Code, §§ 924(c)(1)(A) and 2 -- Aiding and Abetting Using and Carrying a Firearm During and in Relation to a Crime of Violence</u>

On or about November 1, 2016, in the Houston Division of the Southern District of Texas,

JOSE SALOMON MADRID-PAZ, a/k/a JORGE MENDAREZ-PAZ, a/k/a MARIO MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a "VIEJO";

NORMAN RODOLFO CASTELLANO-MERCADO, a/k/a "SULTAN";

MIGDONIO ALTAMIRANO; and

███████████████████████

defendants herein, aiding and abetting each other as well as others known and unknown to the Grand Jury, did knowingly carry, and brandish a firearm, namely, a handgun, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that being Aiding and Abetting Interference with Commerce by Robbery.

In violation of Title 18, United States Code, §§ 924(c)(1)(A)(ii) and 2.

14

COUNT FIFTEEN

Title 18, United States Code, § 922(g)(5)(A) – Illegal Aliens in Possession of a Firearm

On or about November 1, 2016, in the Houston Division of the Southern District of

Texas,

JOSE SALOMON MADRID-PAZ, a/k/a MARIO MIRANDA, a/k/a EMIO TORRES
GOMEZ, a/k/a MIGUEL MATEO FLORES, a/k/a JORGE MENDAREZ PAZ, a/k/a
JUAN DEDIOS GUTIERREZ, a/k/a "CHAPARRO," a/k/a "VIEJO"; and

NORMAN RODOLFO CASTELLANO-MERCADO,
a/k/a "SULTAN";

defendants herein, being aliens illegally and unlawfully in the United States, did knowingly

possess, in and affecting foreign and interstate commerce:

One (1) Taurus PT140 40 caliber semi-automatic pistol;

Six (6) unfired rounds of 40 caliber ammunition;

One (1) Colt Model 80 38 Super caliber semi-automatic pistol; and

Two (2) unfired rounds of 38 caliber ammunition.

In violation of 18 United States Code, Section 922(g)(5)(A).

COUNT SIXTEEN

Title 8, United States Code, §§ 1326(a) and (b)(1) – Illegal Re-entry

On or about April 17, 2016, in the Houston Division of the Southern District of Texas,



the defendant herein, an alien who previously had been denied admission, excluded, deported,

and/or removed from the United States after having been convicted of a felony, knowingly and

unlawfully was present in the United States when found in Houston, Texas, without having

obtained consent before March 2003, from the Attorney General of the United States to reapply

for admission into the United States; and without having obtained corresponding consent after

February 2003, from the Secretary of the Department of Homeland Security pursuant to Title 6

U.S.C. §§ 202(3) and (4) and Title 6 U.S.C. § 557.

     In violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

NOTICE OF CRIMINAL FORFEITURE
[18 U.S.C. § 924(d) and 28 U.S.C. §2461(c) ]

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendants,

OSMAN ARGUETA-RODAS, a/k/a "CANELO";

SANTOS MATUTE-ROSALES, a/k/a SANTO EL EULALIO MATUTE-ROSALES, a/k/a "LALO"; `

DARWIN ALVARADO-ESPONIZA;

JOSE SALOMON MADRID-PAZ, a/k/a MARIO MIRANDA, a/k/a EMIO TORRES GOMEZ, a/k/a MIGUEL MATEO FLORES, a/k/a "CHAPARRO," a/k/a "VIEJO"; and

NORMAN RODOLFO CASTELLANO-MERCADO, a/k/a "SULTAN";

that in the event of a conviction of an offense in violation of Title 18, United States Code, Section 922(g), as set out in Counts Ten through Thirteen and Counts Sixteen through Seventeen of this indictment, the following is subject to forfeiture:

Any firearms and ammunition involved in or used in any knowing violation of section 922(g), including, but not limited to, one (1) loaded Baretta PX Storm 9 mm pistol, fourteen (14) rounds of 9 mm ammunition, one (1) loaded Taurus 9 mm pistol, sixteen (16) rounds of 9 mm ammunition, one (1) loaded Browning 9 mm pistol, ten (10) rounds of 9 mm ammunition, one (1) loaded Ruger 40 caliber pistol, ten (10) rounds of 40 caliber ammunition, one (1) Taurus PT140 40 caliber semi-automatic pistol, six (6) unfired rounds of 40 caliber ammunition, one (1) Colt Model 80 38 Super caliber semi-automatic pistol, and two (2) unfired rounds of 38 caliber ammunition.

17

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

ABE MARTINEZ
Acting United States Attorney, Southern District of Texas

*s/ Adam Laurence Goldman (original signature on filed copy)*
Adam Laurence Goldman
Assistant United States Attorney